[Crim. No. 12673. First Dist., Div. Four. Sept. 24, 1974.]

In re LAURA GARCIA on Habeas Corpus.

**COUNSEL**

William R. Higham, Public Defender, Frances C. Schreiberg and Charles P. Kuntz, Deputy Public Defenders, and Jeff Gorelick for Petitioner.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Robert R. Granucci, Herbert F. Wilkinson and Ronald Niver, Deputy Attorneys General, for Respondent.

**OPINION**

**RATTIGAN, J.**—Having failed to appear pursuant to a subpoena issued by the People, as a prosecution witness in the criminal trial of People v. Luna and Lobato (Contra Costa County Superior Court No. 16480), petitioner was held in contempt of court and ordered to serve five days in jail. She has filed this petition for habeas corpus.

Petitioner was served with a subpoena on November 20, 1973.[1] As issued and served, it required her to appear at the Luna trial on November 21. The serving officer told her to call Deputy District Attorney Rapoport, relative to the exact time and place at which she should appear in response to the subpoena. When she called Rapoport on November 21, he told her that the Luna trial had been continued until the following week, and that he would "contact" her relative to the exact time and place at which she was to appear. According to the evidence herein, she agreed to this.

The promised "contact" by Deputy District Attorney Rapoport occurred at 9 p.m. on December 2, when he had Officer Monge (of the

---

[1]Except where otherwise indicated, all dates hereinafter mentioned refer to the calendar year 1973.

San Pablo Police Department) go to petitioner's residence to tell her that she was required to appear on the following morning (December 3, 1973) pursuant to the subpoena served upon her on November 20. Following an exchange of unpleasantries with Officer Monge on the night of December 2, petitioner apparently failed to appear on December 3.

According to these events as they occurred, it is apparent that the People rely upon Penal Code section 1331.5 as the basis of the trial court's having held petitioner in contempt. Section 1331.5 provides: "Any person who is subpoenaed to appear at a session of court, or at the trial of an issue therein, may, in lieu of appearance at the time specified in the subpoena, agree with the party at whose request the subpoena was issued [the district attorney here], to appear at another time or upon such notice as may be agreed upon. *Any failure to appear pursuant to such agreement may be punished as a contempt, and a subpoena shall so state.* The facts establishing such agreement and the failure to appear may be shown by the affidavit of any person having personal knowledge of the facts and the court may grant such continuance as may be appropriate." (Italics added.)

The subpoena served upon petitioner did not "so state": i.e., it did not state that her failure to appear, pursuant to an "agreement" with the district attorney, would be "punished [or punishable] as a contempt."

The statutory requirement that "a subpoena shall so state" is significant, from a legislative standpoint, because it is designed to inform the subpoenaed witness that his failure to appear in accordance with any "agreement" he reaches with the subpoenaing party (relative to an agreed time and place at which he shall appear) is as punishable by contempt as is his failure to appear in accordance with the original subpoena. The subpoena fails to state what the statute mandates and for that reason cannot be used as the basis of a contempt proceeding.

The order judging petitioner in contempt is annulled.

Caldecott, P. J., and Christian, J., concurred.

On October 10, 1974, the opinion was modified to read as printed above.